Memorandum. The order of the Appellate Division, Second Department, should be reversed and the determination of the Commissioner reinstated. The record reveals the existence of facts sufficient to support the conclusion that there was a rational basis for the Commissioner’s finding that the landlord’s application for a certificate of eviction was not made in good faith. The apartment sought by the-landlord consisted of three rooms whereas the landlord’s existing accommodations in the Bronx consisted of five rooms in which he, his wife and his two children lived; he admitted that he had not seen the apartment in question until almost one year after he filed the application; in his verified written protest, he stated that his family was still residing in the Bronx apartment, but later conceded that they had .vacated a month before the date of the protest and had gone to Spain to visit family; after commencement of the article 78 proceeding, his wife’s affidavit, executed in Spain, stated that they are temporarily sojourning ’ ’ in Spain. These factual matters bearing on the landlord’s posture in making the application clearly indicate that the Commissioner had a rational basis for his determination that the application was not made in good faith. Accordingly, the determination of the Commissioner should not have been disturbed (CPLR 7803, subd. 3; Matter of Friedman v. Weaver, 3 N Y 2d 123, 126).
Chief Judge Fuld and Judges Burke, Scileppi, Bergan, Breitel, Jasen and Gibson concur.
Order reversed, etc., in a memorandum.